1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15

THERESA BROOKE,

Plaintiff,

v.

247 HOTELS BEVERAGE LLC,

Defendant.

Case No. 2:22-cv-02941-MCS-E

**ORDER DISMISSING CASE FOR LACK OF SUBJECT-MATTER JURISDICTION AND DENYING MOTION FOR DEFAULT JUDGMENT (ECF NO. 20)**

16
17
18
19
20

Plaintiff Theresa Brooke moves for default judgment against Defendant 247 Hotels Beverage LLC. (Mot., ECF No. 20.) The Court deems the motion appropriate for decision without oral argument and vacates the hearing set for August 15, 2022. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15.

21
22
23
24
25

This case arises from Plaintiff's alleged April 2022 visit to a hotel in Calabasas, California. In her sole remaining claim under the Americans with Disabilities Act ("ADA"), Plaintiff asserts that Defendant failed to maintain an access aisle at a passenger loading zone outside the lobby in compliance with federal and state standards, denying her full and equal access to the business. (*See generally* Compl., ECF No. 1.)[1]

26
27
28

---

[1] The Court declined supplemental jurisdiction over Plaintiff's state law claim. (Order Declining Suppl. Jurisdiction, ECF No. 18.)

1

1  By this motion, Plaintiff seeks an injunction and $7,150 in fees and costs. (Mot., ECF

2  No. 18.)

3  I.      LEGAL STANDARD

4         A.      Article III Standing in an ADA Case

5         The party invoking federal jurisdiction bears the burden of satisfying each of

6  Article III's standing requirements. *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231

7  (1990). Article III requirements "are not mere pleading requirements but rather an

8  indispensable part of the plaintiff's case, [so] each element must be supported in the

9  same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with

10  the manner and degree of evidence required at the successive stages of the litigation."

11  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992).

12         To satisfy Article III standing requirements, an ADA plaintiff must provide "a

13  sufficient showing of likely injury in the future related to the plaintiff's disability to

14  ensure that injunctive relief will vindicate the rights of the particular plaintiff rather than

15  the rights of third parties." *Chapman v. Pier 1 Imps. (U.S.) Inc.*, 631 F.3d 939, 949 (9th

16  Cir. 2011). "[A]n ADA plaintiff can show a likelihood of future injury when he intends

17  to return to a noncompliant accommodation and is therefore likely to reencounter a

18  discriminatory architectural barrier. Alternatively, a plaintiff can demonstrate sufficient

19  injury to pursue injunctive relief when discriminatory architectural barriers deter him

20  from returning to a noncompliant accommodation." *Id.* at 950. "An ADA plaintiff must

21  show at each stage of the proceedings either that he is deterred from returning to the

22  facility or that he intends to return to the facility and is therefore likely to suffer repeated

23  injury. He lacks standing if he is indifferent to returning to the store or if his alleged

24  intent to return is not genuine, or if the barriers he seeks to enjoin do not pose a real and

25  immediate threat to him due to his particular disability." *Id.* at 953. "[W]hile past actions

26  may constitute 'evidence bearing on whether there is a real and immediate threat of

27  repeated injury,' they are not necessarily dispositive evidence." *Civil Rights Educ. &*

28  *Enf't Ctr. v. Hosp. Props. Trust*, 867 F.3d 1093, 1100 (9th Cir. 2017) (citation omitted).

1      **B.    Default Judgment**

2           The Court considers several factors "in exercising discretion as to the entry of a

3      default judgment includ[ing]: (1) the possibility of prejudice to the plaintiff, (2) the

4      merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum

5      of money at stake in the action[,] (5) the possibility of a dispute concerning material

6      facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy

7      underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*

8      *v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Local Rule 55-1 requires the party

9      seeking default judgment to submit a declaration establishing (1) when and against what

10     party the default was entered; (2) the identification of the pleading to which default was

11     entered; (3) whether the defaulting party is an infant or incompetent person, and if so,

12     whether that person is represented by a general guardian, committee, conservator, or

13     other representative; (4) that the Servicemembers Civil Relief Act does not apply; and

14     (5) that the defaulting party was properly served with notice. C.D. Cal. R. 55-1.

15     **II.    DISCUSSION**

16          Before addressing the *Eitel* factors and procedural requirements, the Court

17     assesses the constitutional prerequisite of Plaintiff's Article III standing to bring her

18     ADA claim. Plaintiff pleads that she and her husband "are avid travelers to California

19     for purposes of leisure travel and to 'test' whether various hotels comply with disability

20     access laws"; that she anticipates returning to the "Los Angeles area" "several times in

21     the next few months for required hearings, depositions and further testing"; and that she

22     "will only return to the hotel, when she returns, if Defendant puts the required access

23     aisle into place." (Compl. ¶¶ 7–8, 11.) Plaintiff has not plausibly established an actual

24     or imminent injury that would provide standing to seek injunctive relief. Plaintiff has

25     not pleaded or offered facts substantiating her intent to return to the hotel, let alone to

26     the Calabasas area. *See, e.g.*, *Feezor v. Sears, Roebuck & Co.*, 608 F. App'x 476, 477

27     (9th Cir. 2015) ("A plaintiff's 'profession of an "inten[t]" to return to the places [he]

28     had visited before' is not sufficient to establish standing because 'such "some day"

3

1  intentions—without any description of concrete plans, or indeed even any specification

2  of *when* the some day will be—do not support a finding of the "actual or imminent"

3  injury that our cases require.'" (quoting *Lujan*, 504 U.S. at 564)); *Chapman v. Pismo*

4  *Food Store*, 710 F. App'x 769, 770 (9th Cir. 2018) ("Chapman also failed to

5  demonstrate an intent to return to the store. Chapman failed to establish any regularity

6  in his visits to Pismo Beach, where the store is located, and likewise failed to present

7  sufficient evidence of more than a vague desire to return to the store."); *Strojnik v.*

8  *Pasadena Robles Acquisition, LLC*, 801 F. App'x 569, 570 (9th Cir. 2020) (affirming

9  dismissal of ADA action for lack of standing based on plaintiff's failure to adequately

10 demonstrate intent to return). Indeed, she indicates she will not return to the hotel *unless*

11 Defendant installs an access aisle. (Compl. ¶ 11.) Her failure to specifically plead or

12 declare any specific information regarding her anticipated return to the hotel,

13 irrespective of whether Defendant installs an access aisle, suggests she faces no

14 imminent injury. *Civil Rights Educ. & Enf't Ctr.*, 867 F.3d at 1100 ("Making case-by-

15 case determinations about whether a particular plaintiff's injury is imminent is well

16 within the competency of the district courts."). The Court concludes that Plaintiff has

17 failed to plead or proffer enough facts to establish standing to obtain the requested

18 injunctive relief.

19 **III.   CONCLUSION**

20     Plaintiff fails to establish standing to obtain injunctive relief under the ADA. The

21 Court denies Plaintiff's motion and dismisses the action for lack of Article III standing.

22 The Clerk shall enter judgment and close the case.

23

24 **IT IS SO ORDERED.**

25

26  Dated: July 15, 2022

27                                              MARK C. SCARSI
                                                UNITED STATES DISTRICT JUDGE
28